Anderson, J.,
delivered the opinion of the court.
The plaintiff in error was indicted in the "county court of Pittsylvania county for murder. On the 25th of October, 1879, the jury rendered a verdict, as follows: “We, the jury, find the prisoner, Nathaniel L. Price, not guilty of murder, as charged in the within indictment, hut guilty of involuntary manslaughter, .as charged therein, and fine him $500 dollars.”
It appears from the entry made on the record, that “thereupon proclamation being made as the manner is, and nothing further appearing, or being alleged against the said prisoner,” the court proceeded to enter judgment, and did enter judgment, in the following words, to-wit: “It is considered by the court that the said Price be discharged of this prosecution, and go thereof without day.”
On a subsequent day of the same term, i. e., on the 28th of October, so much of the above order as discharged the said Price and directed that he go thereof without day, was set aside, and the following order was entered: “The court doth order that the said Price pay to the Commonwealth of Virginia, $500, the fine ascertained by the jurors in their verdict, together with the costs of this prosecution, and, in addition thereto, that said Price be imprisoned in the jail of this county for six months, and that he remain in jail at the expiration of said time until the fine and costs are paid; and it is ordered, that said Price be arrested and confined in jail pursuant to this ■order; and it is ordered, that the clerk issue proper process, directed to the sheriff, commanding him to arrest said Price for the purpose aforesaid.”
On the same day the said Price was arrested upon a writ which issued from the clerk’s office of the said county court, and confined in the jail of Pittsylvania *822 county. And upon Ms petition to the judge of the hustings court of the city of Danville, a writ of habeas corpus was issued by the said judge to the sheriff of Pittsylvania county, commanding him to have the body of the said Price, together with the day and cause of his capture and detention, before him, on the day designated, at the court-house of the city of Danville. The return and answer of the sheriff shows that he held the said Price in jail under the aforesaid judgment of the county court of Pittsylvania; and he filed with his return a certified copy of the record in that prosecution.
The judge of the hustings court, upon maturely considering the case, was of opinion that the said Price was legally detained in custody, and remanded him to the jail of Pittsylvania county, to abide the aforesaid judgment of the county court of said county of the 28th of October, 1879, and gave judgment against him for the costs. To which judgment of the hustings, court, Price prayed for a writ of error and supersedeas; which was allowed by one of the judges of this court.
The court is of opinion that the judgment of the county court of the 25th of October, discharging the prisoner from the prosecution, and directing him to.go thereof without day, was erroneous. The verdict of the jury, whilst it acquitted Mm of the felony charged in the indictment, convicted him of involuntary manslaughter; which is declared by statute to be a misdemeanor, and is punishable with fine and imprisonment. This finding of the jury was authorized by the statute,, which provides, that on an indictment for felonious homicide, the jury may find the accused not.guilty of the felony, but guilty of involuntary manslaughter. Dew Criminal Procedure, ch. 17, § 27, p. 95. The judgment was not supported by the verdict. It was clearly a conviction for a misdemeanor, and it was the *823 pi’ovince, and the duty of the court to ascertain the punishment, and to pass sentence on the accused therefor. But it took no notice of his conviction of a misdemeanor, and gave judgment for his discharge from the prosecution, as if he had been acquitted hy the verdict of the jury, not only of the felony, hut of all offence, and had not been found guilty of involuntary manslaughter, which is an offence against the law, and. punishable hy fine and imprisonment. "Was it competent for the court to strike from the verdict of the jury so much of it as found the accused guilty of a misdemeanor, and by its judgment, contrary to the verdict, to acquit him of all offence? We think not.
But was it competent for the court to correct the error ? Could it during the term set aside the erroneous judgment, and enter judgment for such punishment as the law annexed to the offence, of which the defendant had been convicted hy the verdict of the jury, and which it was the province, and the duty of the court, to ascertain and adjudge? It is an old and well established rule that all the proceedings, orders, judgments and decrees of the court are in the breast of the court until the end of the term, and in general subject to its rescission and alteration. This was conceded by Mr. Justice Miller in ex parte Lange, 18 Wall. U. S. R. 163, 167, though he insists that there must in the nature of the power, thus exercised hy the court, he in criminal cases some limit to it. In that case it was held hy the supreme court, that the circuit court exceeded its authority in setting aside its first judgment, and entering a different judgment, though the change was made during the same term. The law authorized in that case, imprisonment not exceeding one year, or a fine not exceeding $200. The court through inadvertence imposed both punishments, when it could rightfully impose hut one. After the *824 fine was paid, and passed into tlie treasury, and the prisoner had suffered five days of his one year’s impristhe court set aside its former judgment, and sentenced him to one year’s imprisonment from that time. A majority of the court held with Mr. Justice Miller, that there was a limit to the above rule, and that it did not apply in this case, when the judgment had been partly executed. Mr. Justice Clifford, in an able opinion, and Mr. Justice Strong, dissented from the opinion of the court, upon the ground that the matter was in the breast of the court during the term, and upon the further ground that the supreme court had not jurisdiction to revise the decision of the circuit court, in a criminal case, upon the writs of habeas eorpus and certiorari.
Ho man can be twice lawfully punished for the same offence. In civil cases the maxim is, nemo debit bis venari pro uno et eadem causa. In the criminal law the same principle is expressed in the Latin phrase, nemo debit bis puniri pro una delicto. And ex parte Lange, supra, was decided mainly upon this principle—that is, that no one ought to be punished twice for the same offence. The common law goes further, and forbids a second trial for the same offence, whether the accused had suffered punishment or not, if in the first trial he had been acquitted or convicted. And hence the plea of autrefois acquit, or autrefois convict, is a good defence to a criminal prosecution.
The case under judgment does not fall within the inhibition of either of the foregoing principles. The defendant was not subjected to punishment twice for the same offence. Hor was he subjected to a second trial for the same offence, for which he had been before tried, and acquitted, or convicted. He was certainly not subjected to punishment twice for the one offence; but by the first judgment was discharged from prose- *825 ration and permitted to go at large, before sentence had been pronounced against him for the misdemeanor of which he had been convicted by the verdict of the jury; and the court afterwards pronounced against him the sentence of the law annexed to the commission of the offence of which he had been found guilty; but before proceeding to pronounce such sentence, set aside the erroneous judgment of acquittal, which was still under its control, it being during the same term of the court, and no injury or injustice resulting thereby to the defendant, in consequence of the first judgment having been executed.
In Piper’s case, 14 Gratt. 710, it was held, Allen, J., delivering the opinion, in which the other judges concurred, that the judgment is entire, and when a verdict is passed, is the sentence of the law upon the result of the proceedings. The court say: “It becomes when rendered an entire judgment upon the facts as found, and in the language of the books finishes the proceedings ; and it would seem to follow that as the judgment is the determination of law upon the verdict, or particular state of facts, it cannot be divided, and a part of the final sentence be pronounced at one term, and after having to that extent passed entirely from the control of the court, that it should at a subsequent period, take up the same finding, and pronounce another sentence in addition to the one already entered upon the same state of facts.”
But in this case after the first judgment was entered it had not entirely passed from the control of the court, but remained in the breast of the court until the end of the term, subject to revision, alteration, or rescission, no injustice or injury being done thereby to the defendant. It was therefore proper that the judgment which had been entered probably through inadvertence, and without due consideration, whilst during *826 the term the whole subject matter was under the control of the court, should be set aside, and an entire rendered in conformity to the requirements. ^ie ^aw’ uPon the facfs as found by the jury.
And it was not necessary, that the defendant should be personally present, when said judgment was rendered. In the above case it was held that in misdemeanors the personal presence of the defendant is not necessary at the trial; a verdict and judgment for the fine may be found and rendered in his absence. A capias to hear judgment is not now necessary—“And if such judgment requires an infamous or corporeal punishment, the court may make such order as may be necessary for the arrest of the person against whom the judgment is, and for the execution of the judgment.” Code of 1873, ch. 203, § 21, p. 1253.
It was not error therefore to render judgment against the defendant in his absence.
Upon the whole the court is of opinion that there is no error in the judgment of the hustings court of the city of Danville, and that the same be affirmed.
Judgment aeeirmed.